IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DONALD ALAN COONS, | Civ. No. 1:19-cv-00614-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| MEDFORD OREGON BUILDING SAFETY EXTERIOR INSPECTION DIRECTIVE, | |
| Defendant. | |

AIKEN, District Judge.

Plaintiff Donald Alan Coons seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the Complaint, ECF No. 1, is DISMISSED with leave to amend. The Court shall defer ruling on Plaintiff's IFP petition pending submission of an amended complaint.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted,

Page 1 –OPINION & ORDER

or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Complaint in this case is disjointed and difficult to understand. The Court believes that the heart of Coons's Complaint concerns the presence of a streetlight outside of his home and/or office.

There are several issues with Coons's Complaint, as currently pleaded. The first and most serious is jurisdictional. Federal courts are courts of limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). Federal jurisdiction may be based upon the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, a plaintiff must plead that the defendant has violated some constitutional or statutory provision. To establish diversity jurisdiction, a plaintiff must allege that he or she is a citizen of one state, that all of the defendants are citizens of other states, and that the damages are more than $75,000.

In this case, Coons is asserting federal question jurisdiction based on "Thee [sic] 1789 Providence Rhode Island G.W. Compact real estate law that refers at least title or at least before title consideration not excluding argnment [sic] against synthetic light harassment or nonmgmt [sic]." The Court is unable to identify the law or laws Coons is referring to in this section. As such, the Court is unable to satisfy itself that it possesses subject matter jurisdiction over Coons's claims.

The more general problem with Coons's Complaint is its incomprehensibility. The discussion of the streetlight, if that is indeed the core of the Complaint, is brief. The Complaint goes on to describe Coon's family history, including his father and grandfather's jobs, and a volcanic eruption in Central America. The Court does not know what, if any, significance of these

facts have to Coons's Complaint. The Court cannot understand Coons's grievance and so cannot assess whether Coons has standing or if this Court has jurisdiction. No defendant, if served with the current Complaint, could form a meaningful understanding of the claim or claims being made against it.

In the light of the deficiencies described above, the Court concludes that Coons has failed to state a claim. The Court is mindful of the latitude that must be accorded to *pro se* plaintiffs, however, and Coons will therefore be given leave to file an amended complaint. In drafting the amended complaint, Coons must bear in mind that the Court does not know anything about the facts of his case, other than what he chooses to include in the amended complaint. In addition to the jurisdictional issues, Coons should carefully explain what has happened, who has done what, how he believes he was injured by the actions of the defendants, and why he believes that the defendants should be held liable for the injury. Any facts unrelated to Coons's grievance should be omitted.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal. The Court defers ruling on Plaintiff's petition to proceed IFP, ECF No. 2, until Plaintiff files an amended complaint or the time for doing so has expired.

It is so ORDERED and DATED this 23rd day of April, 2019.

ANN AIKEN
United States District Judge